## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OKLAHOMA

| | | |
|---|---|---|
| 1. **PLUMBERS AND PIPEFITTER NATIONAL PENSION FUND** | ) ) ) | |
| 2. **PLUMBERS AND PIPEFITTERS LOCAL UNION 430 HEALTH & WELFARE FUND** | ) ) ) ) | **CASE NO.  19-cv-113-JHP-JFJ** |
| 3. **PLUMBERS AND PIPEFITTERS LOCAL UNION 430 ANNUITY FUND** | ) ) ) | **JUDGE: James H. Payne** |
| 4. **LOCAL UNION No. 430 JOINT APPRENTICESHIP AND TRAINING COMMITTEE TRUST FUND d/b/a TULSA PIPE TRADES TRAINING SCHOOL, a Corporation** | ) ) ) ) ) ) | |
| 5.  **INTERNATIONAL TRAINING FUND** | ) ) | |
| 6. **PLUMBERS AND PIPEFITTERS LOCAL NO. 430** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | |
| 1. **CYLX CORPORATION** | ) ) | |
| 2. **PHELAND LUCAS** | ) ) | |
| **Defendants.** | ) | |

## COMPLAINT
### (FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND FOR COLLECTION OF DELINQUENT CONTRIBUTIONS)

1.     This is an action brought pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

## I.  __PARTIES__

2.      Plaintiff, PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND ("Pension Fund"), is an "employee pension benefit plan" as defined in § 3(2)(A)(i) of ERISA, as amended, 29 U.S.C. § 1002(2)(a)(i), established by the United Association of Pipe Fitters of the U.S. and Canada, AFL-CIO and employers in an industry affecting commerce, whose employees are represented by Local 430, for the purposes of providing retirement income to the employees. The Pension Fund is authorized to sue in its own name by § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Pension Fund is administered in Virginia at 103 Oronoco Street, Alexandria, Virginia 22314.

3.      Plaintiff, PLUMBERS AND PIPEFITTERS LOCAL 430 HEALTH & WELFARE FUND ("Health & Welfare Fund"), is an "employee welfare benefit plan" as defined in § 3(1) of ERISA, as amended, 29 U.S.C. § 1002(1), established by the Local 430 and employers in an industry affecting commerce, whose employees are represented by that Union, for the purposes of providing medical benefits to the employees. The Health & Welfare Fund is authorized to sue in its own name by § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Health & Welfare Fund is administered in Tulsa, Oklahoma, and is located at 2908 N. Harvard Avenue, Tulsa, Oklahoma  74115.

4.      Plaintiff, PLUMBERS AND PIPEFITTERS LOCAL 430 ANNUITY FUND ("Annuity Fund"), is an "employee benefit plan" as defined in § 3(1) of ERISA, as amended, 29 U.S.C. § 1002(1), established by Local 430 and employers in an industry affecting commerce, whose employees are represented by that Union, for the purposes of providing annuity benefits to the employees. The Annuity Fund is authorized to sue in its own name by

§502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Annuity Fund is administered in Tulsa, Oklahoma, and is located at 2908 N. Harvard Avenue, Tulsa, Oklahoma  74115.

5.      Plaintiff, LOCAL UNION NO. 430 JOINT APPRENTICESHIP AND TRAINING COMMITTEE TRUST FUND D/B/A TULSA PIPE TRADES TRAINING SCHOOL, a Corporation ("Apprenticeship Fund"), is an "employee benefit plan" as defined in § 3(1) of ERISA, as amended, 29 U.S.C. § 1002(1), established by Local 430 and employers in an industry affecting commerce, whose employees are represented by that Union, for the purposes of providing apprenticeship and journeyman training benefits to employees. The Apprenticeship Fund is authorized to sue in its own name by § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Apprenticeship Fund is administered in Tulsa, Oklahoma, and is located at 8602 E. 46th Street, Tulsa, Oklahoma  74145.

6.      Plaintiff, INTERNATIONAL TRAINING FUND ("Training Fund"), is an "employee benefit plan" as defined in § 3(1) of ERISA, as amended, 29 U.S.C. § 1002(1), established by the United Association of Journeyman and Apprentices of the U.S. and Canada, AFL-CIO and employers in an industry affecting commerce, whose employees are represented by that Union, for the purposes of providing training benefits to employees. The Training Fund is authorized to sue in its own name by § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Apprenticeship Fund is administered in Virginia at 103 Oronoco Street, Alexandria, Virginia 22314.

7.      Plaintiff, PLUMBERS AND PIPEFITTERS LOCAL UNION No. 430 ("Local 430"), is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5), and an employee organization within the meaning of 29 U.S.C. § 1002(4). Local 430 is located at 2908 N. Howard Avenue, Tulsa, Oklahoma  74115.

8.     Defendant, CYLX CORPORATION ("Cylx"), is an Oklahoma Business Corporation. It has been, at all material times, an "employer" within the meaning of § 3(5) of ERISA, 29 U.S.C. §§ 152(2) and 1002(5). It has, at all material times, been engaged as a contractor or subcontractor in the industry of plumbing and pipefitting work and, as such, has been, and continues to be, an employer in an "industry affecting commerce" as defined in § 3(12) of ERISA, and 29 U.S.C. § 1002 (12). It is an Oklahoma business, with a principal place of business located at 5003 W 21st St, Tulsa, Oklahoma, 74107. Cylx may be served by delivering a copy of the summons to its registered agent for service of process, Pheland Lucas at 5003 W 21st St, Tulsa, Oklahoma, 74107.

9.     Defendant, PHELAND LUCAS, a resident of Tulsa County, is a principal and to the best knowledge and belief of the Plaintiffs, the sole or controlling owner of Cylx Corporation and has exercised control over the contributions due each Plaintiff, which are Plan assets of each Plaintiff. He may be served at his address 6831 E 116th St S, Bixby, Oklahoma 74008.

## II.  <u>JURISDICTION AND VENUE</u>

10.     Subject matter jurisdiction over this Complaint is conferred on this Honorable Court by 28 U.S.C. §§ 1331 and 1367; §§ 502(e) and 515 of ERISA; 29 U.S.C. §§ 1132 (e) and 1145; and by § 301 (c) of the LMRA, 29 U.S.C. § 185 (c).

11.     This Court has personal jurisdiction over the Defendants under §502(e)(2) of ERISA, 29 U.S.C. § 1132 (e)(2) and § 301 of the LMRA, 29 U.S.C. § 185 (c). Defendants have conducted and continue to conduct business in the Northern District of Oklahoma, specifically providing mechanical and construction services to one or more individual facilities located in this District.

4

12.     Venue is proper in the Northern District of Oklahoma, where the plans are administered and where the breach took place, under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132 (e)(2) and Section 301 of the LMRA, 29 U.S.C. § 185 (a).

## COUNT ONE
### (UNPAID CONTRIBUTIONS AND LIQUIDATED DAMAGES AND BREACH OF COLLECTIVE BARGAINING AGREEMENT)

13.     On October 20, 2003, Bobby Lucas signed on behalf of Cylx obligating the company to the Collective Bargaining Agreement ("CBA"), which binds Cylx to pay monthly contributions to the National Pension Fund, Health & Welfare Fund, Annuity Fund, Apprenticeship Fund, and International Training Fund, collectively the "Plaintiffs Funds" or "Funds," on behalf of employees represented in collective bargaining by local 430 for services performed at a project or projects in the Northern District of Oklahoma. In 2016 Pheland Lucas took control of the company and has continued operating under the CBA.

14.     Under the CBA, Cylx is obligated to remit the following fringe benefits on behalf of employees engaged in covered employment and represented in collective bargaining by Local 430:

        a.     $4.43 per working hour to the National Pension Fund;

        b.     $6.25 per working hour to the Health & Welfare Fund;

        c.     $1.75 per working hour to the Annuity Fund;

        d.     $ .75 per working hour to the Apprenticeship Fund; and,

        e.     $ .10 per working hour to the International Training Fund.

15.     The Collective Bargaining Agreement obligates Cylx to deduct 3.0% of its covered employees' gross wage for authorized dues to Local 430, which are remitted, post-tax, to Local 430.

16.     Further, as a signatory Employer, Cylx agrees to be bound by the Agreements and Declarations of Trust, and rules and regulations of the Plaintiffs Funds.

17.     The CBA and Trust Agreements require Cylx to file monthly remittance reports itemizing hours worked by employees in the bargaining unit and covered by the CBA. Employers calculate the payments they owe to the Plaintiffs Funds from these reports.

18.     Cylx submitted remittance reports to the Funds and Local 430 for the months August 2018 through November 2018 that listed covered employees and their hours worked. However, Cylx failed to remit hourly fringe benefit contributions due each Fund for hours worked by employees performing covered employment. Additionally, Cylx has failed to submit its December 2018 remittance report.

19.     Cylx, as are other Employers, is required to by its Collective Bargaining Agreement to secure and maintain a surety bond to insure its obligation to contribute to the Funds. The Funds timely filed a claim against Cylx's surety bond, which was paid out to the Funds and was applied pro rata for the months August 2018 through November 2018 leaving a shortage owed for each month.

20.     Cylx owes the Funds and Local 430 the remaining shortage of contributions for the months August 2018 through November 2018, along with liquidated damages and interest as a result of its late submission of its January 2017 through December 2018 reports and contributions.

21.     The Funds and Local 430 made several attempts to contact Cylx requesting that Cylx submit the outstanding reports, contributions and penalties. However, despite these attempts to seek compliance, Cylx has failed to submit the reports and remit payment of contributions and penalties owed.

6

22.     The Funds are entitled to collect delinquent contributions and union dues deductions owed from August 2018 through December 2018. The Plaintiffs Funds are entitled to accruing interest at 12% per annum. Plaintiffs are entitled to recover interest and liquidated damages owed from January 2017 through December 2018.

23.     In accordance with ERISA, the Plaintiffs Funds are also entitled to liquidated damages at 20% on contributions.

24.     The Funds are entitled to recover all costs incurred in exacting compliance under the CBA, Plan Documents and Trust Agreements, including the actual costs of any payroll audit, attorneys' fees and costs of this litigation.

25.     Cylx is liable for unpaid contributions owed from August 2018 through December 2018, liquidated damages, interest, attorneys' fees and costs, in accordance with §§ 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and § 301 of the LMRA, 29 U.S.C. § 185, and the terms of the Funds' Plans.

26.     A copy of this Complaint is being served upon the Secretary of Labor and Secretary of Treasury by certified mail as required by 29 U.S.C. § 1132(h).

**WHEREFORE**, the Plaintiffs Funds pray that this Court deem the Complaint sufficient and, after a trial on the merits, find for the Plaintiffs Funds, granting the following relief:

a. Declaratory judgement determining all unpaid contributions owed to the Pension Fund, Health & Welfare Fund, Annuity Fund, Apprenticeship Fund, National Pension Fund, and International Training Fund;

b. All unpaid dues to Local 430;

c. Interest on all unpaid contributions;

7

    d.  Liquidated damages;

    e.  Reasonable attorneys' fees and costs of litigation, including all costs of any payroll audit; and

    f.  Any and all legal or equitable relief that this Court deems appropriate, including an order compelling an audit of Defendants' payroll records.

## COUNT TWO
### *(PERMANENT INJUNCTION)*

27.     Plaintiffs hereby incorporate the allegations in Paragraph 1 through 27 of this Complaint as if fully set forth and repeated in Count Two.

28.     Defendant Cylx Corporation, pursuant to the CBA and the Trust documents, is obligated to make timely contributions and remittance reports to the Funds and Local 430 each month.

29.     Defendant Cylx Corporation has repeatedly failed to make such submissions.

30.     This persistent disregard of the contribution and reporting obligations constitutes a violation of the terms of employee benefit plans and the Collective Bargaining Agreement and threatens the Funds and the Training Center and the Funds' and the Training Center's beneficiaries with irreparable harm.

**WHEREFORE**, Plaintiffs pray for a judgment in Count Two as follows:

    a.  That Defendant Cylx Corporation be enjoined from failing to timely pay contributions  and deducted dues and making reports to the Funds and Local 430 in the manner required by the applicable collective bargaining agreements;

    b.  That the Plaintiffs be awarded their reasonable attorneys' fees and costs as provided in § 502(g)(2) of the ERISA, 29 U.S.C. § 1132(g)(2); and

  c. That this Court grant the Plaintiffs such further relief as is deemed just and appropriate.

## COUNT THREE
### *(BREACH OF FIDUCIARY DUTY)*

31. Plaintiffs hereby incorporate the allegations set forth in Paragraphs 1 through 31 of this complaint as if fully set forth and repeated in Count Four.

32. The Funds' and Local 430's contractual right to collect unpaid monthly employer contributions and dues deductions is an asset of the Funds.

33. Defendant, Pheland Lucas as president and owner of Cylx Corporation exercised authority and control over Fund assets, and withheld union dues deductions including unpaid monthly employer contributions to the Funds. Pheland Lucas is liable individually and as a fiduciary of the Funds pursuant to § 3 (21)(A) of ERISA, 29 U.S.C. § 1002 (21)(A). He is also individually liable for causing union dues deductions to be withheld from the pay of covered employees and not remitted to Local 430.

34. Lucas has acted in all respects as Cylx Corporation with respect to all of its business operations, including its contractual relationship with local 430 and the Funds.

**WHEREFORE**, Plaintiffs pray for judgment as follows:

  a. That the Court declare Cylx Corporation and Pheland Lucas jointly and severally liable to the Funds for all unpaid fringe benefit contributions, plus interest and liquidated damages, due and owing to each Fund for hours worked by covered employees employed by Cylx throughout the term of the CBA.

b.  For an accounting by payroll audit of Cylx Corporation books and records, at Defendants' expense, to verify the amount of unpaid fringe benefit contributions due to each Fund.

c.  That Defendants Cylx Corporation and Pheland Lucas be enjoined from failing to pay contributions and dues and making reports to the Funds and Local 430 in the manner required by the applicable CBA.

d.  That the Plaintiffs be awarded their reasonable attorneys' fees and costs as provided in Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

e.  That this Court grant the Plaintiffs such further relief as is deemed just and appropriate.

A copy of the Complaint has been served on the Secretary of Labor and the Secretary of the Treasury by certified mail pursuant to 29 U.S.C. § 1132(h).

Respectfully submitted,

**ROBEIN, URANN,
SPENCER, PICARD & CANGEMI, APLC**

s/ Louis L. Robein
Louis L. Robein (LA Bar No. 11307)
2540 Severn Avenue, Suite 400
Metairie, Louisiana 70002
Telephone: (504) 885-9994
Facsimile: (504) 885-9969
lrobein@ruspclaw.com

10

HOLLOWAY•MONAGHAN•KING

s/ W. Brant Warrick
Kelly Monaghan (OBA No. 11681)
W. Brant Warrick (OBA No. 30967)
4111 South Darlington, Suite 900
Tulsa, Oklahoma  74135
Telephone: (918) 627-6202
Facsimile: (918) 627-6265
kmonaghan@hmkoklaw.com
bwarrick@hmkoklaw.com
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 4th day of March, 2019, on the following:

Steven Terner Mnuchin
Department of The Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

Alexander Acosta, Secretary of Labor
U.S. Department of Labor
200 Construction Avenue, N.W.
Washington, D.C. 20002

s/ W. Brant Warrick

11